## H. G. JOHNSTON ET AL., RELATORS, v. W. B. TOWNSEND, SECRETARY OF STATE, RESPONDENT.

No. 2061.    Decided January 26, 1910.

1.—Corporation—Creation—Purpose—Two Businesses.

Article 642, Revised Statutes, authorizes the creation of a corporation for one purpose and for the prosecution of one business only. (P. 124).

**2.—Same—Manufacturing and Mining.**

The enterprise of mining can not be combined with a distinct manufacturing business in a corporation created under subdivision 14 of article 642, ·Revised Statutes, authorizing incorporation for "the transaction of a manufacturing or mining business and the purchase and sale of such goods, wares and merchandise used for such business." The uniting of a mining business with a manufacturing one is not authorized by the inclusion of both purposes in the same subdivision of the article; nor is the joining with mining of such manufacturing of the product and marketing of the product as to constitute one business precluded by the fact that the purposes of manufacturing and mining are stated disjunctively in such subdivision. (Pp. 124, 125).

**3.—Same—Statement of Purpose—Refusal to File Charter.**

The combination of mining and manufacturing in the statement of the purpose of a proposed corporation being allowable or not, according to the nature of the enterprises proposed to be combined, the Secretary of State may properly refuse to file a charter stating such double purpose in the general language of the statute, and not making the nature of the undertakings proposed so specific as to show that their combination in one charter was permissible. (Pp. 125, 126).

**4.—Case Limited.**

The rulings in Ramsey v. Tod, 95 Texas, 624, explained and limited. (Pp. 126, 127).

Original application by Johnston and others to the Supreme Court for writ of mandamus requiring the Secretary of State to file the corporate charter offered by relators.

*C. L. Jester,* for relators.—"And" is construed to mean "or" and "or" is construed to mean "and," when necessary to give effect to legislative intent. As used in art. 642 (14), the disjunctive "or" between "manufacturing" and "mining" means "manufacturing and mining," as well as, "manufacturing or mining"—and this court has so held, in effect, in the case of Ramsey v. Tod, 95 Texas, 614. Anderson's Dictionary of Law, pages 59 and 737; United States v. Fisk, 3 Wall., 447; Dumont v. United States, 98 U. S., 143; Words and Phrases, vol. 1, page 386, vol. 6, page 5003. Ramsey v. Tod, supra, has been followed and the construction there placed upon Rev. Stats., art. 642 has been reaffirmed, both by this court (Borden v. Rice & Irrigation Co, 98 Texas, 494) and by the Court of Civil Appeals (Borden v. Rice & Irrigation Co., 82 S. W., 463).

In view of this court's construction of article 642 and of the subsequent action of the Legislature in adopting the amendments to subdivision 16 and 61, supra, it is hardly conceivable how it can be seriously contended that a corporation under either subdivision can not be formed for "any one or more of the purposes as specified" in said subdivisions as amended. See, Cargill v. Kountze, 86 Texas, 400.

*Jewel P. Lightfoot,* Attorney-General, and *C. A. Leddy,* Assistant, for respondent.—We cite the court to the following additional authorities upon the use of the disjunctive "or." 6 Words and Phrases, 5010; Oxsheer v. Watt, 44 S. W., 67; Shelby v. City of New Orleans, 51 La. Ann., 847; McBride v. McBride, 69 S. W., 781; Germania v. State, 7 Md., 16; Kughner v. City of Freeport, 17 L. R. A., 774; Minnesota Agriculture Co. v. Northwestern Elevator Co., 60 N. W., 671; Slay-

maker v. Phillips, 42 Pa., 1049; 47 L. R. A., 842; Moody v. Levy, 58 Texas, 532; Vances Admx. v. Gray, 72 Ky., 656. We desire to call the special attention of the court to the case of Williams v. Citizens Enterprise Co., reported in the 57 N. E., page 581, by the Appellate Court of Indiana. We believe this case is decisive of the question here involved.

MR. JUSTICE WILLIAMS delivered the opinion of the court.

This is an application for a mandamus to compel the respondent to file a charter of incorporation, which he refuses to do on the ground that it is for the formation of a corporation for two purposes—manufacturing and mining—which, he contends, can not be combined in one charter. The purpose is thus stated in the proposed charter:

"The purpose for which this corporation is formed is the transaction of a manufacturing and mining business and the purchase and sale of goods, wares and merchandise used for such business."

The right so to incorporate is asserted under subdivision 14 of article 642, Revised Statutes, as follows:

"The transaction of any manufacturing or mining business and the purchase and sale of such goods, wares and merchandise used for such business."

It is the contention of the relators that the mention of both manufacturing and mining in one subdivision of the statute authorizes the formation of corporations for both purposes, without any limitation, which contention is based upon certain expressions in the opinion of this court in Ramsey v. Tod, 95 Texas, 624.

On the other hand, respondent contends that manufacturing and mining are distinct businesses, the transaction of which by one corporation is not authorized by the provision referred to, permitting an incorporation for the one "or" the other.

We do not fully agree with either contention. It must be remembered, as was pointed out in Ramsey v. Tod, that another provision requires that the charter state "the purpose" of the incorporation. It is also to be noted that that for which an incorporation is authorized by subdivision 14 is the transaction of "a business"—not of two or more businesses. Either mining or manufacturing may be a business by itself. The two may be wholly distinct from and unrelated to each other. A charter authorizing both, without restriction, would contain a statement not of the purpose, but of the purposes, and would empower the corporation to transact, not a business, but businesses. Instances of this are a business of mining for gold and another of manufacturing cottons, of mining for coal and of manufacturing shoes.

Regardless of the use of alternative language in subdivision 14, we think the character of the statutory provisions is such as to exclude the construction that the transaction of two distinct businesses of mining and manufacturing are here provided for. On the other hand, there may be a business consisting of both manufacturing and mining, in which the operations are so related to each other as to constitute an entirety. The products of the mine may be sold in their crude state, or may be manufactured into many different articles and these may be sold or devoted to their various uses. This might justly be treated

as the transaction of a manufacturing and mining business and come within the language of the statute. We do not think that the use of the conjunction "or" was intended to prevent an incorporation for that or any other one business, although it consist partly of mining and partly of manufacturing.

If other subdivisions are examined it will be found that in some of them the general character of the purpose which may be promoted by a corporation is expressed by words closely related in meaning, but used disjunctively, in order, apparently, to describe fully the kind of undertaking meant, rather than to require a critical distinguishing of them in the drawing of charters. In the second subdivision we have authority for incorporating "any undertaking" which is "benevolent, charitable, educational or missionary." Was it meant that there should be a severe discrimination between several kinds of undertakings described by these different words; that the missionary undertaking should not be incorporated if it should be also a benevolent or an educational undertaking, or that the benevolent undertaking should not include the charitable, or the missionary? While we do not intend, by pursuing this line of reasoning at length through the various subdivisions, to decide questions not before us, we think we risk nothing in saying that words indicative of the kind and character of a business meant are sometimes used disjunctively in this statute to include any business or undertaking which is described or defined by one or all of such words; and that this is true of subdivision 14. To further illustrate from the second subdivision, a missionary undertaking is also a benevolent one and usually, if not always, an educational one. An educational one need not be either benevolent, charitable or missionary, but it may possess all those qualities. Evidently an incorporation is allowed by this subdivision for any undertaking that comes within the meaning of all or either of these words. It does not follow that several undertakings which in their natures are separate and distinct may be included as one. So, we think, "a business" may properly be incorporated as a manufacturing and mining business, but two businesses, one of manufacturing and the other of mining, can not be made one, because the statute does not so provide. The legislative intention that the business should be a unit is further shown by the fact that in subdivision 14 there is no general authority for the purchase and sale of goods, but only an authority for the purchase and sale of those "used for such business."

A charter must specify the purpose for which the corporation is to be created. This should be done with sufficient clearness to enable the Secretary of State to see that the purpose specified is one provided for by the statute and to define with some certainty the scope of the business or undertaking to be pursued. The charter tendered in this case is so general and indefinite in its language that, while it might apply to one business, such as we have mentioned, consisting of both manufacturing and mining, with the purchase and sale of goods, etc., used for it, it might also be taken to authorize the transaction of two businesses, one of manufacturing and another of mining, with the further power of purchase and sale incident to each. And it appears to be the purpose of the relators to use the charter for the carrying on

of what we regard as two distinct businesses. We may look to this as illustrative of the capacities for use of that which it is sought to have the respondent file, although we do not think that questions as to what may be done under a charter ordinarily arise when it is proposed to have one filed. It is proper and important to see that the purpose of a charter is so expressed as to carry out the intention of the Legislature in making that requirement; for it is by a compliance with it that the public, as well as those specially interested in corporations, are to be protected against the assumption of powers not granted. It appears from the petition that the relators, who are also the proposed corporators, have heretofore acted as partners in mining for oil, gas and water, and have manufactured their own tools and equipment and devices used in that business, and have invented and received patents on some which were new. They have been able to manufacture more of these than they have needed in doing their own work, and have been engaged in selling them; and the manufacturing business which they wish to incorporate is that of making these tools, devices, etc., for sale to others. Such manufacturing has heretofore been a part of the business which, as individuals, they had a right to conduct, but it by no means follows that it, with all else that is proposed for the corporation, is only one business of mining and manufacturing such as one corporation may follow. It seems plain that the business of manufacturing for sale, tools, etc., for mining is as distinct from the business of mining as the business of manufacturing for sale, farming implements, would be from farming. In order to hold that the statute allows the incorporating for two of such purposes we should have to hold that it authorizes the incorporation of one company for distinct businesses of manufacturing and mining, which, as we have already said, is not true. And as the charter offered can be interpreted as meaning and is intended to mean that it authorizes the pursuit of both businesses, we think the respondent had the right under the law to refuse to file it until the doubt as to its scope should be removed by a more specific statement of the purpose.

As we have before indicated, relators rely on some expressions in the opinion in Ramsey v. Tod, for their contention that charters are authorized, without limitation, for all the purposes mentioned in any one subdivision of the statute. What was really held was that the subdivision of the statute showed the legislative intent that there should be no uniting of purposes mentioned in different subdivisions, although related to each other, and only those mentioned in the same subdivision were capable of being joined in one charter. It certainly was not meant that all of those mentioned in any subdivision could be united in every case, regardless of the way in which they might be related to or connected with each other. It will be seen that the effort in that case was to incorporate businesses which would have had a close and natural connection with each other, viz.: (1) "The purchase and sale of goods, wares and merchandise, and agricultural and farm products;" and (2) "the accumulation and loan of money in carrying out said purposes." It thus appears that the latter purpose would have been wholly dependent on the results of the first. The *holding* was that, because of the fact that these purposes were treated by the statute

as separate, they could not be made one as sought, notwithstanding the dependence of one upon the other. With this in mind, it is easy to understand what was said as to those purposes mentioned together in the subdivisions. They were treated by the statute itself as if they could be united and hence they may be; but this does not mean that they must be held in every instance to constitute "a business" the transaction of which is "the purpose" of the incorporation, although wholly distinct from and unrelated to each other. The court, in Ramsey v. Tod, had no occasion to determine the conditions essential to incorporating when only those things mentioned in a single subdivision were in question. We have endeavored to show how mining and manufacturing may be combined under subdivision 14 and restrict our decision to that.

The legislation enacted since the decision referred to was made, by which, relators claim, the declarations in that opinion, concerning the right to incorporate under the subdivisions, was impliedly approved has no bearing on the question that we can perceive (Acts 1903, p, 227; 1905, p. 28; id., p. 73; 1907, p. 294.) Those statutes merely authorize the chartering of corporations for named purposes which before had been mentioned in separate subdivisions, and to that extent modified the preexisting rule declared by this court. They did not repudiate the dicta as to chartering under one subdivision, nor do we do so. On the contrary, we hold that the right is given by subdivision 14 to incorporate for "a business" consisting of manufacturing and mining, but not for two businesses, one of manufacturing and the other of mining.

*Mandamus refused.*