

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
~~WILL WILSON~~ON
ATTORNEY GENERAL

Honorable M. O. Flowers
Secretary of State
Austin, Texas

Dear Sir:                          Attention:  Mr. Will Mann Richardson

Opinion No. 0-2902
Re:  Whether the tendered charter of
American Youth Assembly should
be approved

This will acknowledge receipt of your letter of November 15, 1940, asking whether or not the charter proposed by the American Youth Assembly should be approved.

The original charter accompanies your letter.

Section II of the charter, stating the purpose of the proposed corporation, is as follows:  "The purpose for which it is formed is educational."

An explanatory affidavit, which accompanies the charter, enlarges upon this purpose, as follows:

"To encourage young men and women to be
more patriotic and loyal to the Constitution
and laws of the United States and of the State
of Texas; to disseminate information that is
calculated to encourage and promote the cardinal
principles of free government, such as free
speech, free press and the freedom to worship
God according to the dictates of one's own con-
science; to discourage foreign isms among the
youth of America and to encourage youth to be
loyal, patriotic Americans."

Further, it is stated that "No other business of any nature whatsoever is sought to be transacted under said charter other than that above enumerated."

It is apparent that the attempt here is to incorporate under Subdivision 2 of Article 1302 of the Revised Civil Statutues, which authorizes corporations for the "support of ....
any educational ....... undertaking."

Honorable M. O. Flowers, page 2          0-2902

It is the rule in this State that the purposes for which a corporation is to be formed should be stated with sufficient clarity to enable the Secretary of State to determine that the purpose specified is one provided for by the statutes. In order that the Secretary of State may thus determine such question, the scope of the business or undertaking to be pursued must be defined with certainty.  10 Tex. Jur. p. 623; Johnston v. Townsend, 103 Tex. 122, 124 S.W. 417; Smith v. Wortham, 106 Tex. 106, 157 S.W. 740; Opinions of the Attorney General's Department, Book 29, pages 1 and 63, Book 30, page 1, Book 30, page 191, Book 31, page 479.

Thus it is not always sufficient that the charter state the purpose of the corporation in the exact language of the statutes. (See Opinions of the Attorney General above referred to.)  In this instance, since the statute allows corporations to be formed for the support of "any educational undertaking," it is incumbent upon the incorporators to state the character of the undertaking for which it is proposed to incorporate, in order that the Secretary of State may determine whether the particular undertaking is for the support of an "educational undertaking."  It follows that the purpose stated in the charter of this corporation, to-wit:  "The purpose for which it is formed is educational" is insufficient to meet the foregoing requirements.

We are therefore thrown upon the explanatory affidavit accompanying the charter, which states the purposes of the corporation as follows:

"To encourage young men and women to be more patriotic and loyal to the Constitution and laws of the United States and of the State of Texas; to disseminate information that is calculated to encourage and promote the cardinal principles of free government, such as free speech, free press and the freedom to worship God according to the dictates of one's own conscience; to discourage foreign isms among the youth of America and to encourage youth to be loyal, patriotic Americans."

It is our opinion that this affidavit does not state the purposes for which the corporation is to be formed with sufficient clarity to enable the Secretary of State to determine that the purpose specified is the support of an "educational undertaking."

We may break down the purpose clause of the affidavit as follows:

1.    "To encourage young men and women to be
more patriotic and loyal to the Constitution and
laws of the United States and of the State of Texas;
. . ."

This statement of purpose is extremely vague and in-definite except as to the ultimate object or results to be achieved; the manner of achieving that result is left to the imagination. While it is true that young men and women may be encouraged to be more patriotic and loyal to their country through the process of education, the purpose clause does not indicate that this is the means to be adopted.

The second section of the clause is as follows:

"To disseminate information that is calculated
to encourage and promote the cardinal principles of
free government, such as free speech, free press and
the freedom to worship God according to the dictates
of one's own conscience; ......."

This section may or may not indicate the support of an "educational undertaking." Various news services, newspapers and magazines disseminate information. Some of the newspapers and magazines, through their editorial policies, disseminate information calculated to encourage or promote the cardinal principles of free government, such as free speech, free press and the freedom to worship God according to the dictates of one's own conscience. Certainly it could not be said that the news service, a newspaper or a magazine is an educational undertaking per se. It appears to us that this section of the explanatory affidavit is likewise too bague and indefinite to enable one to decide that the purposes of the corporation are for the support of "an educational undertaking" in their pri-mary objective.

The last clause of the affidavit is as follows:

"To discourage foreign isms among the youth
of America and to encourage youth to be loyal,
Patriotic Americans."

The same objection, of vagueness and indefiniteness, urged to the first part of the affidavit is applicable to this. Many means and methods of discouraging foreign isms among the youth of America exists and only one of them is through the pro-cesses of education. The essence of the educational process lies in the "giving of instruction." There is nothing in the charter itself or in the affidavit accompanying it from which the Secretary of State, in our opinion, can determine with any

reasonable degree of certainty that this corporation is formed for the purpose of "giving instruction" in any field of knowledge, or that this corporation is formed for the support of such an undertaking.

Yours very truly
ATTORNEY GENERAL OF TEXAS

By s/R.W. Fairchild
R.W. Fairchild
Assistant

RWF:db:wc

APPROVED FEB 24, 1941
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

This Opinion Considered And Approved In Limited Conference