

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Claude Isbell
Secretary of State
Austin, Texas

ATTENTION: Mr. J. L. McGarity, Charter Division

Dear Sir:

Opinion No. 0-6845
Re: Sufficiency of corporate
purpose clause under
V.A.C.S., Art. 1302 (105)
which is limited to statutory
language.

We have received your letter of September 21, 1945, which is quoted, in part as follows:

"This office has established a Departmental practice, in view of your numerous opinions, of requiring all corporations seeking to organize under the provisions of any of the sub-divisions of Article 1302 of the Texas Revised Civil Statutes, 1925, which are, or might be, exempt from the payment of franchise taxes, to state in their purpose clause just what the object and purposes of the corporation are in order that this Department can determine with certainty that such corporations were exempt from the payment of such taxes. The vast majority of such corporations subject to the above mentioned Departmental practice seek to incorporate under the provisions of Section 2 of Article 1302 of the Texas Revised Civil Statutes, 1945.

"The 49th Legislature passed Senate Bill No. 19, which is reported in Vernon's Texas Session Law Service as Chapter 81, page 119.

"We have been presented with a proposed charter, a photostatic copy of which we attach hereto, for the above mentioned corporation, and following our Departmental practice mentioned above requested that the proposed corporation set

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Claude Isbell - page 2

out in its charter specifically what activities
it intended to support. In reply to our request
for such information to be inserted in the pro-
posed charter, we received a letter from the
attorney for the applicant calling our attention
to the passage of Senate Bill 19, mentioned above.
We also enclose herewith a photostatic copy of
the letter from the applicants attorney so that
you might be able to see their point of view.

"In the light of the above and considering
the enclosed documents will you please advise us
with respect to the following:

"1. Should the Secretary of State file the
enclosed charter?

"2. Is the Secretary of State correct in his
interpretation of your previous opinions, in that
he has the authority, and it is his duty to require
the information described in the first paragraph
of this letter to be contained in charters of cor-
poration seeking to be exempt from the payment of
franchise taxes?

"3. Does the passage of Senate Bill No. 19
referred to above in any way effect the previous
opinions that you have heretofore issued with
respect to the construction and application of
Section 2 of Article 1302 of the Texas Revised
Civil Statutes, 1925."

Senate Bill 19, 49th Legislature, 1945, presently
appears in V. A. C. S., Title 32, ch. 1, Art. 1302, Sec. 105,
which reads as follows:
"Art. 1302. Purposes.
"The purposes for which private corporations
may be formed are:
". . . .
"105. Corporations may be created for one or
more of the following purposes, namely, Religious,
Charitable, Literary, Scientific or Educational.
Acts 1945, 49th Leg., p. 119, ch. 81, Sec. 1."

Honorable Claude Isbell - page 3

Heretofore, persons interested in forming a corporation for religious purposes did so by authority of subdivision 1 of Art. 1302; for charitable and educational purposes, by authority of subdivision 2 of Art. 1302; and for literary and scientific undertakings, by authority of subdivision 3 of said Article. A corporation could be legally formed for any one or more of the purposes set out in any one of these subdivisions, but not for two or more purposes as designated in two or more subdivisions. See Ramsey v. Tod, 95 T. 614, 69 S. W. 135; Borden v. Trespalacious Rice and Irr. Co., Civ. App.,82 S. W. 463.

Consequently, the Legislature, realizing that certain organizations applying for incorporation wished to combine the purposes mentioned in the aforementioned subdivisions in order to improve the citizenship and welfare of this State, passed Senate Bill 19, (Subdivision 105 of Art. 1302), supra, which states in the emergency clause thereof the reason for its passage in the following words:

"The fact that Foundations and similar organizations now are prohibited from incorporating under the laws of the State of Texas, for the combined purposes named in this Act, resulting in loss of much needed financial support for activities of importance to the citizenship and welfare of this state, creates an emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read in each House on three several days . . . ."

Thus it is seen from the above language that the Legislature passed this Act to legalize a combination of purposes for incorporation.

The Legislature did not, however, change the well settled law in this State applicable to the manner of setting out such purposes in the charter application, whether they be separated or combined. This law is well illustrated by the language of the Supreme Court of Texas in Johnston, et al, v. Townsend, Secretary of State, (124 S. W. 417) as follows:

Honorable Calude Isbell - page 4

> "A charter must specify the purpose for
> which the corporation is to be created. This
> should be done with sufficient clearness to en-
> able the Secretary of State to see that the pur-
> pose specified is one provided for by the Statute,
> and to define with some certainty the scope of
> the business or undertaking to be pursued."

The purpose clause of the charter application here
under consideration reads as follows:

> "Second: The purpose for which it is formed
> is for religious, charitable, literary, scientific
> and educational purposes, as authorized by said
> chapter 81 of the Acts of the 49th Legislature."

The above clause sets out exactly but only those
words used in the statute, i. e., subdivision 105 of Article
1302. It is generally insufficient for the charter to state
the purpose of the corporation in the exact language of the
statute without further definition of purpose because the
Secretary of State is then unable to determine with certainty
the scope of the business or undertaking. In other words,
the incorporators must state what the proposed incorporation
intends to do rather than a statement of conclusions as to
its purpose. Smith v. Wortham, 106 Tex. 106, 157 S. W. 740;
Opinions of the Attorney General, Book 29, pages 1 through
63; Book 30, page 1, 191; Book 31, page 447; Opinion No. O-
2902, dated February 24, 1941; Hildebrand on Texas Corpor-
ations, Vol. 1, ch. 2, Sec. 26.

Now under this Act, the incorporators may have
a flexible and inclusive purpose, yet it is incumbent upon
them to state the character and scope of the proposed cor-
poration in the charter application so that the Secretary
of State may determine with reasonable certainty whether
this undertaking is actually for the purposes as listed.

It is our opinion that in view of the inclusive
but limited language used in the purpose clause of the char-
ter, you are justified in requiring further elaboration with

Honorable Claude Isbell - page 5

respect to the purposes of this proposed corporation, and therefore your first question is answered in the negative. Your second question is answered in the affirmative, and your third question in the negative, except insofar as subdivision 105 of Article 1302 now permits a combination of certain purposes which were formerly separated.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By    *Eugene Alvis*
Eugene Alvis
Assistant

By    *Jack K. Ayer*
Jack K. Ayer
R. & E. Assistant



JKA:zd



APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN