

# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

December 13, 1947

FAGAN DICKSON
FIRST ASSISTANT

Honorable Paul H. Brown
Secretary of State
Capitol Building
Austin, Texas

ATTN: William E. Stapp
Chief, Charter Division

Opinion No. V-455

Re: The legality of chartering a
corporation under Art. 1302,
Sec. 9, V.C.S., to maintain
bicycle, automobile, motor-
cycle, and airplane racing.

Dear Sir:

You have requested the opinion of this Department upon the following situation:

"This office has received an application for charter for a proposed domestic corporation. Proper fees have been remitted, and the charter and all submitted instruments are in proper form for filing.

"The stated purpose clause is 'The purpose for which it is formed is to support a club for the maintenance of innocent sports, to wit, bicycle racing, automobile racing, motorcycle racing and airplane racing; all of such racing involving only legal contests of endurance and skill and pursuant to and as authorized by Section 9, of Article 1302, Revised Civil Statutes of Texas, 1925.'

"Are these transactions 'sports' within the meaning of Article 1302 (9)? That is, would this office be justified, in your opinion, in approving and filing the charter with the stated purpose clause?"

Section 9 of Article 1302, Revised Civil Statutes of 1925 is as follows:

"The purposes for which private corporations may be formed are: . . . 9. To support and maintain bicycle clubs and other innocent sports."

Since it is the settled law in Texas that words shall be given their ordinary meaning, the question here to be decided is whether or not bicycle racing, automobile racing, motorcycle racing, and airplace racing are "sports" as used within the meaning of Section 9 supra.

Webster's International Dictionary defines the verb "to race":

"To run or engage in a race; to compete in speed; as, the horses raced; to race for America's Cup; . . . to run, sail, row, etc., a race with or to cause to contend in a race; to drive at high speed; . . ."

and the word "racing," as a noun:

"Horse races collectively as a sport, . . ." (Emphasis supplied)

"Racing" as qualified by the words bicycle, automobile, motorcycle, and airplane means the exercise of competitive skill by human beings by use of the respective vehicles in such competition; and hence under the broad generic meaning would constitute a "sport" within the intention of the Legislature as expressed in Section 9 supra.

The purpose clause refers to definite sports as required by the Supreme Court in the case of Smith v. Wortham, 106 Tex. 106, 157 S. W. 740, and goes even farther than is required by the rule therein enunciated.

It is the opinion of this Department that the Secretary of State is justified in approving and filing the proposed charter with the stated purpose clause.

## SUMMARY

A corporation may be legally chartered to support a club for the maintenance of innocent sports, such as bicycle, motorcycle, automobile, and airplane racing under the provisions of Sec. 9, Art. 1302, R.C.S. of Texas, 1925.

Yours very truly

APPROVED

*Fagan Dickson*

FIRST ASSISTANT
ATTORNEY GENERAL

CKR/JCP

ATTORNEY GENERAL OF TEXAS

By *C. K. Richards*

C. K. Richards
Assistant